IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS ROMAN, *on behalf of himself and others similarly situated*, | ) ) ) | |
| | ) | Case No. 16-cv-11233 |
| Plaintiff, | ) ) | Honorable Judge |
| | ) | |
| v. | ) ) | |
| | ) | |
| BILL'S COMPLETE LANDSCAPE SERVICE, INC., a/k/a BILL'S COMPLETE LANDSCAPING SVC, d/b/a BCLS, and WILLIAM J. SZYDLOWSKI, | ) ) ) ) | |
| Defendants. | ) | **JURY DEMAND** |

## COMPLAINT

Plaintiff, as a Complaint against Defendants, alleges the following:

## NATURE OF THE CASE

1. This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act.

2. This is a collective action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/9, on behalf of a class of landscape workers represented by named Plaintiff Luis Roman.

3. In violation of the FLSA, Defendants failed to pay Plaintiff and other similarly situated workers overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendants also violated the

IMWL by failing to pay Plaintiff and similarly situated workers at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked. Defendants further violated the IWPCA by taking unauthorized deductions from employees' wages for uniform costs without obtaining written authorization at the time the deductions were made.

4. As a remedy for Defendants' acts, Plaintiff seeks relief, on behalf of himself and similarly situated workers, including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiff's FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiff Luis Roman is an individual residing in the Northern District of Illinois, Eastern Division. Within the three-year period prior to the filing of this Complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e), 820 ILCS 105/3(d), and 820 ILCS 115/2. Plaintiff has signed and filed, along with this Complaint, written consent to sue pursuant to 29 U.S.C. § 216(b).

9. Defendant Bill's Complete Landscape Service, Inc., a/k/a Bill's Complete Landscaping SVC, d/b/a BCLS ("BCLS") is an Illinois corporation with a principal place of business in Morton Grove, Illinois. Defendant BCLS offers various landscape maintenance, landscape construction, and snow removal services.

10. Defendant BCLS is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

11. At all times relevant herein, Defendant BCLS was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

12. Defendant William Szydlowski is the owner of BCLS and is responsible for oversight of its business operations. At all times relevant herein, Defendant William Szydlowski was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the IWPCA, 820 ILCS 115/2.

13. Defendants BCLS and Szydlowski jointly employed Plaintiff and similarly situated workers within the meaning of the FLSA, the IMWL, and the IWPCA and are jointly and severally liable for the violations of law asserted herein.

## FACTUAL ALLEGATIONS

14. During the 3-year period prior to the filing of this Complaint, Plaintiff and similarly situated persons worked for Defendants.

15. At all times relevant, Plaintiff and similarly situated workers were required to report each workday to the Defendants' headquarters.

16. At all times relevant, Plaintiff and similarly situated workers were assigned work on landscaping, maintenance, and snow removal projects for Defendants.

17. At all relevant times, and on a customary and regular basis, Plaintiff and similarly situated employees worked in excess of 40 hours in a workweek.

18. At all times relevant, Defendants failed to pay Plaintiff and similarly situated workers overtime premium wages of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a single workweek.

19. The means Defendants employed to deprive Plaintiff and other employees of all earned wages included, on information and belief, failing to pay them for all overtime hours worked by engaging in a practice of "banking" hours as opposed to paying employees for their accrued overtime hours in a pay period, as well as failing to pay Plaintiff and other employees for time spent performing work duties during unpaid meal breaks.

20. Plaintiff, and on information and belief, similarly situated workers, were subjected to payroll deductions for uniform costs, even though they did not provide contemporaneous written authorization for such deductions.

21. At all times relevant, Plaintiff worked with others similarly situated. On information and belief, the potential collective action and class action of similarly situated employees includes 20 to 60 laborers who suffered the same or similar violations as those described above.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings Count I of this action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

4

23. The FLSA Class, of which Plaintiff is a member, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

> All landscaping laborers employed by Bill's Complete Landscape Service, Inc., a/k/a Bill's Complete Landscaping SVC, d/b/a BCLS and William Szydlowski to perform landscaping maintenance, landscaping construction, or snowplowing work at any time from December 2013 through the present.

24. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 20 persons.

25. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings Count II and Count III of this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and other members of the Rule 23 Class defined as:

> All landscaping laborers employed by Bill's Complete Landscape Service, Inc., a/k/a Bill's Complete Landscaping SVC, d/b/a BCLS and William Szydlowski to perform landscaping maintenance, landscaping construction, or snowplowing work at any time from December 2013 through the present.

27. On information and belief, the Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Class, but upon information and belief, avers that it consists of at least 30 persons and that most

do not speak English as a first language, are not well informed of their rights under federal and state wage statutes, and have limited access to lawyers. Individual joinder is, thus, impracticable.

28. There are questions of law or fact common to the Class, including but not limited to the following:

    a. whether Defendants violated 820 ILCS 105/4a by failing to pay named Plaintiff and other members of the Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

    b. whether Defendants violated 820 ILCS 115/9 by taking unlawful deductions from named Plaintiff's and other Class members' pay for uniform costs without obtaining signed authorization at the time the deductions were made; and

    c. whether Defendant William Szydlowski was an "employer" of Plaintiff and other Class members pursuant to the IMWL and IWPCA.

29. The claims of Plaintiff are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Class members.

30. Plaintiff will fairly and adequately protect the interests of the Class. His interests are not antagonistic to, but rather are in unison with, the interests of other Class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

31. The questions of law or fact that are common to the Class predominate over any questions affecting only individual Class members. The primary questions that will determine Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class members.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits and unnecessary demands on judicial resources. In contrast,

certification of the claims in Counts II and III pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all Class members with efficiency.

## COUNT ONE
### OVERTIME, FAIR LABOR STANDARDS ACT
### ALL DEFENDANTS -- COLLECTIVE ACTION

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for every hour they worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207.

35. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

36. Defendants' violations of 29 U.S.C. § 207 were willful.

37. Defendants jointly employed Plaintiff and similarly situated workers pursuant to the FLSA and are jointly and severally liable for the FLSA violations.

## COUNT TWO
### OVERTIME, ILLINOIS MINIMUM WAGE LAW
### ALL DEFENDANTS -- CLASS ACTION

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

40. Defendants' practice and policy of not paying Plaintiff and other members of the Class overtime compensation at a rate of one and one-half times their regular rates of pay for all of their hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

41. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiff and other members of the Illinois Class have been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

42. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IMWL and are jointly and severally liable for the IMWL violations.

## COUNT THREE
### ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### ALL DEFENDANTS – CLASS ACTION

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. The IWPCA, at 820 ILCS 115/9, provides that " deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made."

45. Defendants' practice and policy of taking uniform deductions from Plaintiff's and other Class members' pay without obtaining contemporaneous written authorization violated 820 ILCS 115/9.

46. As a result of Defendants' violation of 820 ILCS 115/9, Plaintiff and other members of the Class have been damaged in that their wages have been reduced as a result of unauthorized deductions pursuant to 820 ILCS 115/9.

47. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IWPCA and are jointly and severally liable for the IWPCA violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) for pursuit of the claims asserted in Count I;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt-in" in to this litigation by filing written consent to sue;

C. Award Plaintiff and similarly situated workers who file written consent to sue their unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

D. Issue an order certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) for pursuit of the claims asserted in Counts II and III;

E. Award Plaintiff and the Class actual damages for unpaid overtime compensation and unauthorized uniform deductions;

F. Award Plaintiff and the Class penalties in the amount of 2% of the underpayment per month for the length of the violations of the IMWL and IWPCA pursuant to 820 ILCS 105/12, and 820 ILCS 115/14(a);

G. Award Plaintiff and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), 820 ILCS 105/12, and 820 ILCS 115/14(a); and

H. Award Plaintiff and the Class pre- and post-judgment interest at the statutory rate; and

I. Order such further and additional relief as this Court deems just and proper.

9

## **JURY DEMAND**

Plaintiff demands trial by jury on all eligible claims and issues.

Dated: December 9, 2016					Respectfully submitted,


						/s/ Jorge Sanchez
						Jorge Sanchez

						Lopez & Sanchez LLP
						77 W. Washington St., Suite 1313
						Chicago, IL 60602
						(312) 420-6784

						/s/ Meghan A. VanLeuwen
						Meghan A. VanLeuwen

						Farmworker & Landscaper Advocacy Project
						33 N. LaSalle St., Suite 900
						Chicago, IL 60602
						(312) 784-3541
						Counsel for Plaintiffs